```
                          United States Bankruptcy Court
                              District of Colorado
In re:                                                         Case No. 18-18627-JGR
Dennis K. Obduskey                                             Chapter 13
         Debtor
                              CERTIFICATE OF NOTICE
District/off: 1082-1          User: gentd              Page 1 of 2           Date Rcvd: Oct 03, 2018
                              Form ID: pdf904          Total Noticed: 28


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 05, 2018.
db           +Dennis K. Obduskey,    604 Alpine Avenue,    Pueblo, CO 81005-1703
18149571     +Apria Healthcare Group, Inc.,    Attn Bankruptcy,    26220 Enterprise Court,
               Lake Forest, CA 92630-8405
18149578      Colorado Department of Revenue,    2447 North Union Blvd.,    Colorado Springs, CO 80909-1107
18149579     +Deer Creek Valley HOA,    P.O. Box 722,    Bailey, CO 80421-0722
18149580     +Deer Creek Valley HOA,    81 Saddle Horn Lane,    Bailey, CO 80421-1028
18149581      Discover Bank,   c/o Sawaya and Rose PC,     P.O. Box 1020,   Denver, CO 80201-1020
18149586     +McCarthy & Holthus LLP,    1770 4th Avenue,    San Diego, CA 92101-2607
18149587     +McCarthy & Holthus, LLP,    7700 East Arapahoe Road, Ste. 230,    Centennial, CO 80112-1439
18149589     +Occupant/Tenant/Lessee,    132 Wagon Tongue Road,    Bailey, CO 80421-1057
18149590     +Park County Public Trustee,    P.O. Box 638,    Fairplay, CO 80440-0638
18149592     +Roberson Law, LLC,    Attn Jane Roberson, Esq.,    720 S Colorado Blvd Ste 630,
               Denver, CO 80246-1943
18149593      Snell and Wilmer,   1200 17th Street, Ste. 1900,     Denver, CO 80202-5854
18149594      State Collection Service,    2509 South Stoughton Road,    Madison, WI 53716-3314
18149595     +Steven Hill, Esq.,    Riggs, Abney,Turpen, Orbison & Lewis PC,
               50 South Steele Street, Ste. 600,    Denver, CO 80209-2811
18149596      Steven L. Hill, Esq.,    Riggs, Abney,Turpen, Orbison & Lewis PC,
               50 South Steele Street, Ste. 600,    Denver, CO 80209-2811
18149599      US Attorney - Department of Justice,    Tax Division - Western Region,    Ben Franklin Station,
               Washington, DC 20044
18149600     +US Attorney - District of Colorado,    1225 17th Street, Ste. 200,    Denver, CO 80202-5534
18149601     +Wells Fargo Home Mortgage,    P.O. Box 14507,    Des Moines, IA 50306-3507

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
18149572     +E-mail/Text: bknotices@bankofthewest.com Oct 04 2018 00:21:17     Bank of the West,
               25657 Conifer Road,    Conifer, CO 80433-9029
18149573      E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Oct 04 2018 00:25:53      Capital One NA,
               Attn Bankruptcy,    P.O. Box 30281,    Salt Lake City, UT 84130-0281
18149575     +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Oct 04 2018 00:25:53      Capitalone,
               15000 Capital One Dr,    Richmond, VA 23238-1119
18149576     +E-mail/Text: bankruptcy@coag.gov Oct 04 2018 00:21:33     Colorado Attorney General,
               Ralph L. Carr Judicial Building,    1300 Broadway, 10th Floor,    Denver, CO 80203-2104
18149577      E-mail/PDF: dor_tac_bankruptcy@state.co.us Oct 04 2018 00:25:52
               Colorado Department of Revenue,    Tax Compliance Audit Division,
               1375 Sherman Street, Room 504,    Denver, CO 80261-0001
18149585      E-mail/Text: cio.bncmail@irs.gov Oct 04 2018 00:20:48     IRS District Director,
               Attn Special Procedures,    600 17th Street, 12th Floor North,    Denver, CO 80202
18149588     +E-mail/Text: bankruptcydpt@mcmcg.com Oct 04 2018 00:21:06     Midland Funding,
               2365 Northside Drive,    San Diego, CA 92108-2709
18149591      E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Oct 04 2018 00:25:55
               Portfolio Recovery Associates,    120 Corporate Blvd., Ste. 1,    Norfolk, VA 23502
18149597     +E-mail/PDF: gecsedi@recoverycorp.com Oct 04 2018 00:25:55     Syncb/jcp,    Po Box 965007,
               Orlando, FL 32896-5007
18149598     +E-mail/PDF: gecsedi@recoverycorp.com Oct 04 2018 00:25:24     Syncb/ultimate Electrn,
               C/o Po Box 965036,    Orlando, FL 32896-0001
                                                                                              TOTAL: 10

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
18149574*     Capital One NA,    Attn Bankruptcy,    P.O. Box 30281,    Salt Lake City, UT 84130-0281
18149582*    ++INTERNAL REVENUE SERVICE,    CENTRALIZED INSOLVENCY OPERATIONS,    PO BOX 7346,
               PHILADELPHIA PA 19101-7346
              (address filed with court: Internal Revenue Service,     Attn Technical Services Advisory Group,
               1999 Broadway MS 5021 DEN,    Denver, CO 80202-2490)
18149583*    ++INTERNAL REVENUE SERVICE,    CENTRALIZED INSOLVENCY OPERATIONS,    PO BOX 7346,
               PHILADELPHIA PA 19101-7346
              (address filed with court: Internal Revenue Service,     P.O. Box 21126,
               Philadelphia, PA 19114-0326)
18149584*     Internal Revenue Service,    P.O. Box 7346,   Philadelphia, PA 19101-7346
                                                                                   TOTALS: 0, * 4, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).
```

```
District/off: 1082-1          User: gentd              Page 2 of 2              Date Rcvd: Oct 03, 2018
                              Form ID: pdf904          Total Noticed: 28
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 05, 2018                                       Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 2, 2018 at the address(es) listed below:
              Stephen H. Swift    on behalf of Debtor Dennis K. Obduskey stephen.swift@swiftlaw.net,
               cris@swiftlaw.net;Alicia@swiftlaw.net
              US Trustee    USTPRegion19.DV.ECF@usdoj.gov
                                                                                             TOTAL: 2
```

## Page 1

**Fill in this information to identify your case**

**UNITED STATES BANKRUPTCY COURT DISTRICT OF COLORADO**

Debtor 1: **Dennis K. Obduskey**
First Name   Middle Name   Last Name

Case # _____

Debtor 2: _____
First Name   Middle Name   Last Name

Chapter 13

**Local Bankruptcy Form 3015-1.1**
**Chapter 13 Plan**
**Including Valuation of Collateral and Classification of Claims**

Complete applicable sections. This chapter 13 plan dated **10/1/2018** [month/day/year] supersedes all previously filed plans.

### Part 1  Notices

**1.1.** **To Creditors: THIS PLAN MAY MODIFY YOUR RIGHTS.** If you oppose any provision of the plan you must file a written objection with the bankruptcy court by the deadline fixed by the court. (Applicable deadlines given by separate notice.) If you do not file a timely objection, you will be deemed to have accepted the terms of the plan, which may be confirmed without further notice or hearing. Creditors must file timely proofs of claim in order to receive the applicable payments.

**1.2** **Nonstandard provisions**
☑ This plan contains nonstandard provisions, set out in Part 12 of the plan.

**1.3.** **Motions for Valuation of Collateral and Determination of Secured Status under 11 U.S.C. § 506**
☐ This plan contains a motion for valuation of *personal property* collateral and determination of secured status under 11 U.S.C. § 506. Additional details are provided in Part 7.4 of this plan.

☐ The debtor is requesting a valuation of *real property* collateral and determination of secured status under 11 U.S.C. § 506 by separate motion. Additional details are provided in Parts 7.3 and/or Part 7.4 of this plan. Status of motion:

[list status of motion here (*i.e.* date filed, date granted, to be filed contemporaneously, etc.).]

**1.4.** **Motions for Lien Avoidance 11 U.S.C. § 522(f)**
☐ The debtor is requesting avoidance of a judicial lien or nonpossessory, non-purchase-money security interest under 11 U.S.C. § 522(f) by separate motion. Additional details are provided in Part 10.4 of this plan. Status of motion:

[list status of motion here (*i.e.* date filed, date granted, to be filed contemporaneously, etc.).]

### Part 2  Background Information

**2.1** Prior bankruptcies pending within one year of the petition date for this case:

| Case Number & Chapter | Discharge or Dismissal/Conversion | Date |
|---|---|---|
| 2016-17741 JGR | Dismissal | 9/28/2018 |

**2.2** **Discharge: The debtor(s):**
☑ is eligible for a discharge;
OR
☐ is not eligible for a discharge and is not seeking a discharge.

**2.3** **Domicile & Exemptions:**

L.B.F. 3015-1.1 (12/17)                                                                                                                  page 1
Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                                   Best Case Bankruptcy

## Page 2

Prior states of domicile:
within 730 days _____
within 910 days _____

The debtor is claiming exemptions available in the ☑ state of **CO** [state] or ☐ federal exemptions.

**2.4** **Domestic Support:** The debtor owes or anticipates owing a Domestic Support Obligation as defined in 11 U.S.C. § 101(14A). Notice shall be provided to these parties in interest:

A. Spouse/Parent:
   [Identify]
B. Government:
   [Identify]
C. Assignee or Other:
   [Identify]
D. The Debtor _____ has provided the Trustee with the address and phone number of the Domestic Support Obligation recipient, or _____ cannot provide the address or phone number because it/they is/are not available.
E. The current monthly income of the debtor, as reported on Official form 122C-1 or 122C-2, as applicable, is ☑ below, ☐ equal to, or ☐ above the applicable median income

### Part 3  Plan Analysis

**3.1** **Total Debt Provided for under the Plan and Administrative Expenses**

A. Total Priority Claims (Class One)
   1. Unpaid attorney's fees                                                                      $ _____ 2,745.00
      (total attorney's fees are estimated to be $ 4,100.00 [amount] of which
      $ 1,355.00 [amount] has been prepaid)
   2. Unpaid attorney's costs (*estimated*)                                                        $ 00.00
   3. Total taxes                                                                                  $ 28,626.00
      (Federal $25,455.00 [amount]; State $3,171.00 [amount]; Other $0.00 [amount])
B. Total of payments to cure defaults (Class Two)                                                 $ 0.00
C. Total payment on secured claims (Class Three)                                                  $ 0.00
D. Total of payments on unsecured claims (Class Four)                                             $ 1,029.00
E. Sub-Total                                                                                      $ 32,400.00
F. Total trustee's compensation (10%) of debtor's payments)                                       $ 3,240.00
G. Total debt and administrative expenses                                                         $ 35,640.00

**3.2** **Reconciliation with Chapter 7**

A. *The net property values set forth below are liquidation values rather than replacement values. The replacement values may appear in Class Three of the plan.*

B. Assets available to Class Four unsecured creditors if Chapter 7 filed:

   1. Value of debtor's interest in non-exempt property                                           $ 27,900.00

| Property | Value | Less costs of sale | Less liens | X Debtor's Interest | Less Exemptions | = Net Value |
|---|---|---|---|---|---|---|
| 604 Alpine Avenue Pueblo, CO 81005 | 139,400.00 | 11500.00 | 0.00 | 100% | 105,000.00 | 22,900.00 |
| Proceeds from Chap 13 Trustee | 5000 estimated amount | 0 | 0 | 100% | 0 | 5000 |
| Acorn Securities LLC | 7.25 | 0 | 0 | 100% | 0 | 27,900 |

L.B.F. 3015-1.1 (12/17)                                                                                                                  page 2
Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                                   Best Case Bankruptcy

| Total | 0.00 | 0.00 | 0.00 | 0 | 0.00 |
|---|---|---|---|---|---|

2. Plus: value of property recoverable under avoiding powers: $ 0.00
3. Less: estimated Chapter 7 administrative expenses: $ 4,000.00
4. Less: amounts payable to priority creditors: $ 28,626.00
5. Equals: estimated amount payable to Class Four creditors if Chapter 7 filed (if negative, enter zero) $ 0.00

C. Estimated payment to Class Four unsecured creditors under the Chapter 13 Plan plus any funds recovered from "other property" described in Part 4.1.D below. $ 1,029.00

### Part 4  Properties and Future Earnings Subject to the Supervision and Control of the Trustee

**4.1 Future Earnings:** The debtor submits to the supervision and control of the Trustee all or such portion of the debtor's future earnings or other future income as is necessary for the execution of the Plan, including:

A. Future earnings which shall be paid to the trustee for a period of approximately **60 [#]** months, beginning **11/1/2018 [month/day/year]** as follows:

B.

| Number of Payments | Amount of Payments | Total |
|---|---|---|
| 60 | 594.00 | 35,640 |
| | | |
| | | |
| | **Total of monthly payments** | **35,640.00** |

C. Amounts for the payment of Class Five post-petition claims included in above: $___ **[amount]**

D. Other property: **[specify]**.

**4.2 Payments:** The debtor agrees to make payments under the Plan as follows:

☐ Voluntary wage assignment to employer: Paid in the following manner: $___ **[amount]** to be deducted ___ **[time period, e.g., weekly, monthly, per pay period, etc.]**. Employer's Name, address, telephone number:

**[name, address, telephone number]**.

OR

☑ Direct payment: from debtor to Trustee

### Part 5  Class One - Claims Entitled to Priority Under 11 U.S.C. § 507

Unless other provision is made in paragraph 10.3, each creditor in Class One shall be paid in full in deferred cash payments prior to the commencement of distributions to any other class (except that the payments to the Trustee shall be made by deduction from each payment made by the debtor to the Trustee) as follows:

**5.1 Allowed administrative expenses:**

A. Trustee's compensation (**10%** of amounts paid by debtor under this Plan) $ 3,240.00
B. Attorney's Fees (estimated and subject to allowance) $ 2,745.00
C. Attorney's Costs (estimated and subject to allowance) $ 0.00

**5.2 Other priority claims to be paid in the order of distribution provided by 11 U.S.C. § 507 [if none, indicate]: $28,626.00**

A. Domestic Support Obligations: **A proof of claim must be timely filed in order for the Trustee to distribute**

L.B.F. 3015-1.1 (12/17)  page 3
Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

---

**amounts provided by the plan.**

1. Priority support arrearage: The debtor owes past due support to ___ **[name]** in the total of $___ **[amount]** that will be paid as follows:

   [ ] Distributed by the Trustee pursuant to the terms of the Plan; or
   [ ] The debtor is making monthly payments via a wage order [ ] or directly [ ] (reflected on Schedule I or J) in the amount of $___ **[amount]** to ___. Of that monthly amount, $___ **[amount]** is for current support payments and $___ **[amount]** is to pay the arrearage.

   2. Other: For the duration of the plan, during the anniversary month of confirmation, the debtor shall file with the Court and submit to the Trustee an update of the required information regarding Domestic Support Obligations and the status of required payments.

B. Taxes

   1. Federal Taxes $ 25,455.00
   2. State Taxes $ 3,171.00
   3. Other Taxes $ 0.00

   **[Describe]**

   4. Other Class One Claims, if any: $ 0.00

   **[Describe]**

### Part 6  Class Two - Defaults

**6.1 Modification of Rights:** If debtor is proposing to modify the rights of creditors in Class Two, debtor must specifically serve such creditor in the manner specified in Fed. R. Bankr. P. 9014 and 7004.

**6.2 Class Two A [if none, indicate]:** Claims set forth below are secured only by an interest in real property that is the debtor's principal residence located at **[street address city, state, zip code]**. Defaults shall be cured and regular payments shall be made:

[X] None
OR

| Creditor | Total Default Amount to be Cured[1] | Interest Rate | Total Amount to Cure Arrearage | No. of Months to Cure | Regular monthly payment to be made directly to creditor | Date of First Payment |
|---|---|---|---|---|---|---|
| | | | | | | |

**6.3 Class Two B [if none, indicate]:** Pursuant to 11 U.S.C. § 1322(b)(5), secured (other than claims secured only by an interest in real property that is the debtor's principal residence) or unsecured claims set forth below on which the last payment is due after the date on which the final payment under the Plan is due. Defaults shall be cured and regular payments shall be made:

[X] None
OR

| Creditor | Description of Collateral | Total Default Amount to be Cured[2] | Interest Rate | Total Amount to Cure Arrearage | No. of Months to Cure | Regular monthly payment to be made directly to creditor | Date of First Payment |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

**6.4 Class Two C [if none, indicate]:** Executory contracts and unexpired leases are rejected, except the following, which are assumed:

[1] The lesser of this amount or the amount specified in the Proof of Claim.
[2] The lesser of this amount or the amount specified in the Proof of Claim.

L.B.F. 3015-1.1 (12/17)  page 4
Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

[X] None

OR

| Other Party to Lease or Contract | Property, if any, Subject to the Contract or Lease | Total Amount to Cure, if any | No. of Months to Cure | Regular monthly payment to be made directly to creditor | Date of First Payment |
|---|---|---|---|---|---|

A. In the event that debtor rejects the lease or contract, creditor shall file a proof of claim or amended proof of claim reflecting the rejection of the lease or contract within 30 days of the entry of the order confirming this plan, failing which the claim may be barred.

### Part 7 Class Three - All Other Allowed Secured Claims

Claims shall be divided into separate classes to which 11 U.S.C. § 506 shall or shall not apply as follows:

**7.1 Modification of Rights:** If debtor is proposing to modify the rights of creditors in Class Three, debtor must specifically serve such creditor in the manner specified in Fed. R. Bankr. P. 9014 and 7004.

**7.2 Adequate Protection:** If adequate protection payments are indicated, such payments will be made by the trustee to the creditors indicated above until such time that superior class creditors are paid in full. Any adequate protection payments made will be subtracted from the total amount payable. Unless otherwise provided, adequate protection payments will accrue from the date of filing but will not be made until the creditor has filed a timely proof of claim.

**7.3 Secured claims subject to 11 U.S.C. § 506 (Real Property):** In accordance with Fed. R. Bankr. P. 3012, 7004 and L.B.R. 3012-1, the debtor has filed and served a separate motion for valuation of collateral and determination of secured status under 11 U.S.C. § 506 as to the real property and claims listed in Part 1.3 of this plan and below. The plan is subject to the court's order on the debtor's motion. If the court grants the debtor's motion, the creditor will have an unsecured claim in the amount of the debt as stated in any timely filed, allowed proof of claim, including such claims filed within thirty days from entry of an order determining secured status under Fed. R. Bankr. P. 3002(c)(1) and (3). The creditors listed in Part 1.3 and below shall retain the liens securing their claims until discharge under 11 U.S.C. § 1328, or, if the debtor is not eligible for a discharge, upon the debtor's successful completion of all plan payments and the closing of the case.

[X] None

OR

| Name of Creditor | Description of Collateral (pursuant to L.B.R. 3012-1) | Proof of Claim amount, if any |
|---|---|---|

**7.4 Secured claims subject to 11 U.S.C. § 506 [if none, indicate]:** The debtor moves the court, through this chapter 13 plan, for a valuation of collateral and determination of secured status under 11 U.S.C. § 506 regarding the property and claims below. The creditors shall retain the liens securing their claims *until discharge under 11 U.S.C. § 1328 or payment in full under nonbankruptcy law*.

[X] None

OR

A. The following creditors shall be paid the value of their interest in collateral. Any remaining portion of the allowed claim shall be treated as a general unsecured claim.

| Creditor | Description of Collateral | Confirmation Value of Collateral | Amount of Debt as Scheduled | Interest Rate | Adequate Protection Payment | Total Amount Payable |
|---|---|---|---|---|---|---|

B. The following creditors shall be paid the remaining balance payable on the debt over the period required to pay the sum in full.

| Creditor | Description of Collateral | Confirmation Value of Collateral | Amount of Debt as Scheduled | Interest Rate | Adequate Protection Payment | Total Amount Payable |
|---|---|---|---|---|---|---|

**7.5 Secured claims to which 11 U.S.C. § 506 shall not apply (personal property) [if none, indicate]:** The following creditors shall retain the liens securing their claims, and they shall be paid the amount specified which represents the remaining balance payable on the debt over the period required to pay the sum in full:

[X] None

OR

| Creditor | Description of Collateral | Amount of Debt as Scheduled | Interest Rate | Adequate Protection Payment | Total Amount Payable |
|---|---|---|---|---|---|

**7.6 Property being surrendered [if none, indicate]:** The debtor surrenders the following property securing an allowed secured claim to the holder of such claim:

[ ] None

OR

| Creditor | Property | Anticipated Date of Surrender |
|---|---|---|
| Wells Fargo Home Mortgage | 132 Wagon Tongue Road Bailey, CO 80421 Park County Appraisal 6/2017 used to determine value. | 10/15/2018 |

**7.7 Relief from Stay:** Relief from the automatic stay to permit enforcement of the liens encumbering surrendered property shall be deemed granted by the Court at the time of confirmation of this Plan. With respect to property surrendered, no distribution on the creditor's claim shall be made unless that creditor files a proof of claim or an amended proof of claim to take into account the surrender of the property.

### Part 8 Class Four - Allowed Unsecured Claims Not Otherwise Referred To in the Plan

**8.1 Payment of Class Four Claims:** Class Four Claims are provided for in an amount not less than the greater of:

A. The amount necessary to meet the best interests of creditors pursuant to 11 U.S.C. § 1325(a)(4) as set forth in Part 3.2; or

B. Total disposable income for the applicable commitment period defined by 11 U.S.C. § 1325(b)(1)-(4).

**8.2 Disposable Income:** The monthly disposable income of $___ **[amount]** has been calculated on Form 122C-1 or 122C-2, as applicable. Total disposable income is $___ **[amount]** which is the product of monthly disposable income of ___ **[amount]** times the applicable commitment period of ___ **[time period]**.

**8.3 Classification of Claims:**

A. [X] Class Four claims are of one class and shall be paid a pro rata portion of all funds remaining after payment by the Trustee of all prior classes;

OR

B. [ ] Class Four claims are divided into more than one class as follows: _____.

**8.4 Non-Dischargable Claims:** A timely filed claim, found by the Court to be non-dischargeable pursuant to 11 U.S.C. § 523(a)(2), (4), or (6), will share pro-rata in the distribution to Class Four. Collection of the balance is stayed until the case is dismissed, converted to a Chapter 7 or discharge enters, unless ordered otherwise.

### Part 9 Class Five - Post-Petition Claims Allowed Under 11 U.S.C. § 1305 (if none indicate)

Post-petition claims allowed under 11 U.S.C. § 1305 shall be paid as follows:

OR

[X] None

### Part 10 Other Provisions

**10.1 Direct Payments:** Payment will be made directly to the creditor by the debtor(s) on the following claims:

L.B.F. 3015-1.1 (12/17)
Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com
page 5
Best Case Bankruptcy

L.B.F. 3015-1.1 (12/17)
Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com
page 6
Best Case Bankruptcy

| Creditor | Collateral, if any | Monthly Payment Amount | No. of Months to Payoff |
|---|---|---|---|
| -NONE- | | | |

**10.2 Effective Date of Plan:** The effective date of this Plan shall be the date of entry of the Order of Confirmation.

**10.3 Order of Distribution:**

A. [ X ] The amounts to be paid to the Class One creditors shall be paid in full, except that the Chapter 13 Trustee's fee shall be paid up to, but not more than, the amount accrued on actual payments made to date. After payment of the Class One creditors, the amounts to be paid to cure the defaults of the Class Two A, Class Two B and Class Two C creditors shall be paid in full before distributions to creditors in Classes Three, Four, and Five (strike any portion of this sentence which is not applicable). The amounts to be paid to the Class Three creditors shall be paid in full before distributions to creditors in Classes Four and Five. Distributions under the plan to unsecured creditors will only be made to creditors whose claims are allowed and are timely filed pursuant to Fed. R. Bankr. P. 3002 and 3004 and after payments are made to Classes One, Two A, Two B, Two C and Three above in the manner specified in Parts 5, 6, 7, and 8.1.

B. [ ] Distributions to classes of creditors shall be in accordance with the order set forth above, except:

**[exceptions]**

**10.4 Motions to Void Liens under 11 U.S.C. § 522(f):** In accordance with Fed. R. Bankr. P. 4003(d), the debtor intends to file or has filed, by separate motion served in accordance with Fed. R. Bankr. P. 7004, a motion to void lien pursuant to 11 U.S.C. § 522(f) as to the secured creditors listed in Part 1.4 and below:

| Creditor | Description of Collateral (pursuant to L.B.R. 4003-2) | Date Motion to Void Lien Filed | Date of Order Granting Motion or Pending |
|---|---|---|---|
| -NONE- | | | |

**10.5 Student Loans:**

[ X ]  No Student Loans

OR

[ ]  Student Loans are to be treated as an unsecured Class Four claim or as follows:

**[describe].**

**10.6 Restitution:**

[ X ]  No Restitution

[ ]  The debtor owes restitution in the total amount of $ **[amount]** which is paid directly to **[name/description]** in the amount of $ **[amount]** per month for a period of **[#]** months; or as follows:

**[describe]**

**10.7 Reinvestment of Property in debtor:** All property of the estate shall vest in the debtor at the time of confirmation of this Plan.

**10.8 Insurance:** Insurance in an amount to protect liens of creditors holding secured claims is currently in effect and will [ X ] will not [ ] **[check one]** be obtained and kept in force through the period of the Plan.

| Creditor to Whom This Applies | Collateral Covered | Coverage Amount | Insurance Company, Policy No. and Agent Name, Address and Telephone No. |
|---|---|---|---|
| Wells Fargo Home Mortgage | 132 Wagon Tongue Road, Bailey, CO 80421 | Full | State Farm insurance coverage to be provided by Wells Fargo Home Mortgage because debtor is surrendering property |

Applicable policies will be endorsed to provide a clause making the applicable creditor a loss payee of the policy.

L.B.F. 3015-1.1 (12/17)  page 7
Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com  Best Case Bankruptcy

---

**Part 11 Presumptively Reasonable Fee**

The following election is made (check one box only):

[✓] Counsel elects the Presumptively Reasonable Fee pursuant to L.B.R. 2016-3(a). **Any objection to the allowance of the Presumptively Reasonable Fee must be made by the objection deadline to confirmation.**

OR

[ ] Counsel elects to file the Long Form Fee Application pursuant to L.B.R. 2016-3(b).

**Part 12 Nonstandard Plan Provisions**

Under Bankruptcy Rule 3015.1(e), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

[ ] None

OR

[ x ] The following plan provisions will be effective only if there is a check in the box "included" in Part 1.2

The Debtor has a pending claim before the US Supreme Court. This claim relates to the applicability of the Fair Debt Collection Practices Act (FDCPA) to non judicial foreclosures. If the appeal is successful, the resolution of this claim will affect the foreclosure of the home and potentially invalidate any foreclosure proceeding with respect to 132 Wagon Tongue Road, Bailey, CO 80421. Thus, although this plan provides for surrender of this property, the debtor is not relinquishing his assertion that the FDCPA applies to any non judicial foreclosure and his assertion that **Wells Fargo Home Mortgage** and its attorneys, **McCarthy & Holthus LLP**, have not complied with the validation requirements of the FDCPA. Further, apart from the importance of the legal precedent, the debtor does not know whether he will receive any funds as a result of this claim. Accordingly, the debtor agrees that, in the event he does receive money as a result of this claim, he will not spend any funds therefrom without the trustee's review and approval and all funds will be held in trust by his bankruptcy counsel pending such approval.

**[describe].**

**Part 13 Signature of Debtor(s)' Attorney or Debtor (if unrepresented)**

I certify that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Official Form 3015-1.1, and that the plan contains no nonstandard provisions other than those set out in Part 12.

Date:  **October 2, 2018**           By: **/s/ Stephen H. Swift**
                                          **Stephen H. Swift**
                                          Signature
                                          Bar Number (if applicable): **14766 CO**
                                          Mailing Address:   **733 East Costilla St.**
                                                              **Suites A&B**
                                                              **Colorado Springs, CO 80903**
                                          Telephone number:  **719-520-0164**
                                          Facsimile number:  **719-520-0248**
                                          Email address:  **stephen.swift@swiftlaw.net**

**Part 14 Verification of Debtor**

I declare under penalty of perjury that the foregoing is true and correct.

L.B.F. 3015-1.1 (12/17)  page 8
Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com  Best Case Bankruptcy

Date: __October 2, 2018__ By: __/s/ Dennis K. Obduskey__
　　　　　　　　　　　　　　　　　**Dennis K. Obduskey**
　　　　　　　　　　　　　　　　　Signature

　　　　　　　　　　　　　　　　　Mailing Address: __604 Alpine Avenue Pueblo CO 81005-0000__
　　　　　　　　　　　　　　　　　Telephone number: __7195200164__
　　　　　　　　　　　　　　　　　Facsimile number: _____
　　　　　　　　　　　　　　　　　Email address: __info@swiftlaw.net__