UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

In re: )
)
DENNIS K. OBDUSKEY, )
) Case No.: 18-18627 JGR
) Chapter 13
Debtor. )

DEBTORS RESPONSE TO THE TRUSTEE'S OBJECTION TO EXEMPTION

COMES NOW the debtor through counsel and provides the following response to the trustee's objection to the debtor's personal injury claim:

### A. FACTUAL BACKGROUND

1. The debtor filed for relief under chapter 13 of the bankruptcy code on October 2, 2018.

2. In his amended Schedule C the debtor lists a certain Supreme Court case known as case no. 2017-1307. The value of this claim is unknown. However, the debtor described this claim as a claim under the Fair Debt Collection Practices Act. The specific issue before the U.S. Supreme Court is whether FDCPA claims are applicable in non judicial foreclosure states. Colorado is a non judicial foreclosure state and, on this basis, the 10th Circuit in an earlier decision ruled that the debtor's FDCPA claim would not be allowed finding that the FDCPA was not applicable to non judicial foreclosure states. This matter is scheduled to be heard on oral argument in mid January 2019.

3. On December 12, the debtor amended his Schedule C to exempt this claim, not only under CRS § 13-54-102(1)(m), but also to exempt the claim under CRS § 13-54-102 (1)(n).

4. Upon further reflection the debtor believes that the claim in question is more appropriately described as a personal injury claim for the reasons set forth below.

### B. ISSUES FOR THE COURT'S REVIEW

1. Whether the debtor's claim under the FDCPA is properly described as a personal injury claim?

### C. DISCUSSION

### I. SUMMARY OF DISCUSSION:

The debtor has claimed as exempt the value of the FDCPA claim pursuant to §13-54-102(1)(n). Pursuant to the plain language of the statute and underlying case law this claim is in the nature of a personal injury claim and the Court should find it to be fully exempt.

## II. TRUSTEE HAS THE BURDEN OF PROOF IN THIS CASE

A debtor's claim of exemption is presumed to be valid. The objecting party–in this case the trustee–has the burden of producing evidence to rebut that presumption. See *In re Robinson*, 295 B.R. 147 (B.A.P. 10th Cir. 2003).

## III. INTERPRETATION OF EXEMPTION STATUTES

Exemptions serve a salutary purpose. They allow the debtor to preserve for himself and his family something with which to make a fresh start. See *In re Parrish*, 19 B.R. 331 (Bankr.D.Co. 1982). The effect of claiming an exemption on the debtor's schedule C is to remove that property from the reach of the trustee. See 11 USC §522(b).

Colorado has opted out of the federal exemptions contained in 11 USC §522(d). This allows the debtors to claim, as exempt, all property which is exempt under state law and under federal law other than § 522(d). See CRS § 13-54-107.

Article XVIII, Section 1 of the Colorado Constitution provides that "The general assembly shall pass liberal homestead and exemption laws." This language of the constitution has typically been interpreted to mean that exemption statutes are to be given a liberal interpretation in order to promote the law's beneficent purpose. Thus, as a ruling principle, property exemptions are to be liberally construed in order to meet the beneficent purpose of the statute. See *In Re Hellman*, 474 F.Supp. 348, 350-51 (D.Colo. 1979). See also *Sandberg v. Borstadt*, 48 Colo. 96, 109 P. 419 (1910).

Black's Law Dictionary (8th Edition) defines liberal construction as: "An interpretation that applies a writing in light of the situation presented and that tends to effectuate the spirit and purpose of the writing."

The bankruptcy law, including exemptions for property, is based upon sacred Jewish law. Anciently debts were forgiven in the seventh year out of respect for the Sabbath. See Deutoronomy, Chapter 15, verses 1-2 which provides:

> At the end of every seven years thou shalt make a release. And this is the manner of the release: Every creditor that lendeth ought unto his neighbour shall release it; he shall not exact it of his neighbour, or of his brother; because it is called the

> Lord's release. [All quotations from the Bible are from the King James Version.]

In like fashion, the bondsman was released in the seventh year and was not sent away by the master empty handed. In preparation for his release the bondsman was to be furnished from the master's stores. Deutoronomy, Chapter 15, verses 12-15 provides:

> And if thy brother, an Hebrew man, or an Hebrew woman, be sold unto thee, and serve thee six years; then in the seventh year thou shalt let him go free from thee. And when thou sendest him out free from thee, thou shalt not let him go away empty: Thou shalt furnish him liberally out of thy flock, and out of thy floor, and out of thy winepress: of that wherewith the Lord thy God hath blessed thee thou shalt give unto him. And thou shalt remember that thou wast a bondman in the land of Egypt, and the Lord thy God redeemed thee: therefore I command thee this thing to day.

Even as the bondsman of old, the modern debtor is be furnished liberally and not with a begrudging attitude.

### III. ARGUMENT

1. C.R.S. § 13-54-102(1) (n) provides that:

    (1) The following property is exempt from levy and sale under writ of attachment or writ of execution:

    (n) The proceeds of any claim for damages for personal injuries suffered by any debtor except for obligations incurred for treatment of any kind for such injuries or collection of such damage;

### A. RULE 1009

2. The trustee may argue that the debtor's exemption is limited to that which was claimed as exempt in the original schedule. The trustee may refer to Fed.R.Bankr.P., Rule 1009 (a). However, nothing in the rule precludes the debtor amending his schedules at this juncture of the proceeding. By this filing the debtor is permitted to correct and to clarify the original filing.

3. Nothing in the plain language of the rule precludes the debtors' filing an amendment as was filed.

### B. VALUE OF THE EXEMPTION

4. The value of the exemption is unlimited. FDCPA claims normally pay the holder of the claim $1,000 per claim together with other damages which may be awarded. The total value of the claim cannot be determined until the matter is resolved by the US Supreme Court and remanded to the District Court for trial.

### C. CASE LAW GOVERNING PERSONAL INJURY CLAIMS

5. Two cases have examined the nature of a personal injury claim which are helpful to this Court. They are *In re Keyworth*, 47 B.R. 966 (Bankr.D.Colo. 1985) and *David v. Sirius Computer Solutions, Inc*., 779 F.3d 1209 (10th Cir. 2015).

6. In *Keyworth*, the court examined the debtors' claim of exemption in connection with the wife's claim for personal injuries sustained relative to a prescription for synthetic estrogen she had received. The debtor's claims were for negligence, strict liability, misrepresentation, breach of warranty, wrongful death, exemplary damages, and loss of consortium. The court referring to the plain language of the statute found that all of the claims constituted personal injury claims, except the claims for wrongful death and exemplary damages.

7. In *David,* the 10th Circuit examined whether a personal injury claim allowed the debtor to collect interest in the context of a claim for negligent misrepresentation where the jury found in favor of the claimant, but found that she had sustained no non economic damage. Finding that a claim for personal injuries includes "any invasion of a personal right" and further that "a tort which is not an injury to property is treated, by definition, as an injury to the person" the court ruled that the debtor's claim would accrue interest as a "personal injury." *David, supra* at 1210 [3].

19. Applying this definition, an injury which is not an injury to property, is treated as a personal injury, the debtor's FDCPA claim should be considered fully exempt.

20. A form of order granting the claimed exemption is here attached.

Respectfully submitted this 2nd day of January, 2019.

Law Office of Stephen H. Swift, P.C.

/s/ Stephen H. Swift_____
Stephen H. Swift, Attorney No. 14766
Attorneys for the Debtor
733 East Costilla Street, Suites A & B
Colorado Springs, CO 80903
(719) 520-0164

### CERTIFICATE OF SERVICE

I certify that I served a true and correct copies of the foregoing declaration by mailing a

copy to each the following on this 2nd day of January, 2019:

VIA E-MAIL TO:

Dennis K. Obduskey
604 Alpine Avenue
Pueblo, CO 81005

VIA ECF TO:

Douglas B. Kiel, Esq.
Chapter 13 Trustee
4725 South Monaco Street
Suite 120
Denver. CO 80237

Clerk of the US Bankruptcy Court          [E-filed only]

                                     _/s/ Stephen H. Swift_____