**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| In re: ) | |
| ) | Case No. 18-18627-JGR |
| Dennis K. Obduskey, ) | |
| ) | Chapter 13 |
| Debtor ) | |

## COMBINED VERIFIED MOTION TO DEEM LATE FILED PROOF OF CLAIM TIMELY AND OBJECTION TO TRUSTEE CLAIM 4 OBJECTION

NOW COMES Creditor James W. Kelley dba Mortgage-Investigator.com, Pro Se and responds to the Trustee Douglas Kiel Objection to Claim 4.

## BACKGROUND

Between October 2011 and February 2013 Expert Witness James W. Kelley consulted with Debtor, Dennis Obduskey via local support groups, social media and conversations. The Debtor was an employee of a Denver based Stock Brokerage Firm as a Travel Consultant. The Stock Brokerage firm IT department subscribed to financial data bases including the worlds largest financial database, Bloomberg Terminal. At the time Kelley, the creditor was simply tracking the money trails backwards into Wall Street to unravel the mystery of conflicting evidence and false claims between Banking, Wall Street, SEC.gov, state(s) and various private data sources.

Kelley in an attempt to assist the Debtor with locating information/evidence advised the Debtor to utilize a command on Bloomberg Terminal , LP known as "LFND" with his mortgage parameters. However, when the Debtor co-worker(s) attempted this command, Bloomberg Terminal "LOCKED THEM OUT and RE-SET THEIR SYSTEM". Upon Information and Belief , the Debtor and co-workers were alarmed and wrongfully concerned Kelley may of given them a "hacker" command.

The Debtor remained in limited contact with Kelley until his FDCPA case was granted Writ

of Cert to the US Supreme Court case# 17-1307.

In June 2018 the Debtor requested consultations and review of evidence in the 2016 bankruptcy case. In July, Kelley provided a list of Expert Witnesses per Debtor request. Upon Information and Belief, the Debtor hired Kelley due to his knowledge of the case history as well as his willingness to meet the Debtor limited financial means. Kelley made 1 condition upon accepting the Debtor case, that his work would also be utilized for the public good (See Case# 16-17141-JGR Docket# 86). Per communications in December 2018 and early 2019, Kelley believed the Debtor was seeking a litigation attorney to represent the Debtor in a Adversary Proceeding otherwise the Debtor would draft an Adversary Proceeding Complaint himself. When Kelley read the courts order docket# 55, Creditor Kelley dba Mortgage-Investigator.com filed POC Claim# 4 to preserve the record and facts for the public good.

Therefore, Creditor James W. Kelley dba Mortgage-Investigator.com respectfully shows the Court the following:

I. **MOTION TO DEEM LATE FILED PROOF OF CLAIM TIMELY.**

The United States Supreme Court, in the case of Pioneer Inv. Serv.'s Co. v. Brunswick Assoc's Ltd., P'ship, 507 U.S. 380 (1993), established the standards for determining whether circumstances constitute excusable neglect allowing for a late filing applying Rule 9006(b)(1), Fed.R.Civ.P. The Court adopted the factors enunciated in In re Dix, 95 B.R. 134 (9th Cir. BAP 1988), including:

> "(1) whether granting the delay will prejudice the debtor; (2) the length of the delay and its impact on efficient court administration; (3) whether the delay was beyond the reasonable control of the person whose duty it was to perform; (4) whether the creditor acted in good faith; and (5) whether clients should be penalized for their counsel's mistake or neglect." ' " Id., at 158a–159a (quoting In re Dix, 95 B.R. 134, 138 (9th Cir. BAP 1988) (in turn quoting In re Magouirk, 693 F.2d 948, 951 (9th Cir. 1982))). The District Court also suggested that the Bankruptcy Court consider whether the failure to comply with the bar date "resulted from negligence, indifference or culpable conduct on the part of a moving creditor or its counsel."

In sum, the Court adopted a principle of equity in determining if there was excusable neglect.

## II. OBJECTION TO TRUSTEE DISALLOWED CLAIM 4:

1. Debtor Obduskey, Trustee Kiel and Judge Rosania are the party / Trustee / Judge in Case 16-17141-JGR.

2. Creditor filed POC 4 in compliance with the Courts Order docket# 55. *"The assumption of executory contracts on the terms stated in the plan is approved. If the plan provides for the rejection of an executory contract or unexpired lease, the party to the rejected executory contract or lease must file a proof of claim within 30 days of the date of the entry of this Order, failing which the claim may be barred"*.

3. Debtor did not file an Objection to Claim 4.

4. Debtor accepted an appointment by Governor Jared Polis to State Judicial Performance Commission on May 23, 2019.
    a. http://www.coloradojudicialperformance.gov/commission.cfm

5. Upon Information and Belief, the Debtor supports *"Proof of Claim 4 remain on the pubic Pacer case docket and POC Register for the benefit of Law Enforcement, Compliance Agencies, Pacer Mgt Team, Judicial / Courts and elected officials as allowed per state(s) and federal laws of the United States"*.

6. In the Creditor Kelley's professional opinion, POC #4 preliminary report has substantial benefit to the public good and for the benefit of Law Enforcement, Compliance Agencies, Pacer Mgt Team, Judicial / Courts and elected officials as allowed per state(s) and federal laws of the United States.

7. *In re C.W. Mining Co.*, 636 F.3d 1257, 1260 (10th Cir. 2011)
    a. (to have standing in bankruptcy matter, party must be 'person aggrieved[,]' requiring showing "person's rights or interests [will] be 'directly and adversely

affected pecuniary by the decree or order of the bankruptcy court.'").

8. 18 USC Section 157: **Bankruptcy Fraud, 18 U.S.C. Section 157**: *If any act of the fraud occurs after October 22, 1994, this statute may be used. The use of bankruptcy must aid the fraud scheme in some way. Delaying creditors, allowing the debtor to continue to operate or covering up the scheme are examples. The statute will be easier than the use of 18 U.S.C. 152, "concealment" or "in contemplation", because it allows a fuller statement of the scheme. False statements under oath are the same under either statute, although 157 will allow a broader description of the fraud*

9. A trustee who fails to exercise due diligence to conserve assets of the bankruptcy estate must account for assets dissipated through his negligence. Carson, Pirie, Scott Co. v. Turner, 61 F.2d 693 (6th Cir. 1932).

10. The measure of care, diligence and skill required of a bankruptcy trustee is that of an ordinarily prudent man in the conduct of his private affairs under similar circumstances and of a similar object in view; and although a mistake of judgment is not a basis to impose liability on a trustee, a failure to meet the standard of care does subject him to liability. However, "a bankruptcy trustee is liable personally only for acts willfully and deliberately in violation of his fiduciary duties." Ford Motor Credit Co. v. Weaver, 680 F.2d 451, 461 (6th Cir. 1982).

11. The case which first clouded this area was In re Johnson, 518 F.2d 246 (10th Cir.), cert. denied, sub. nom. Clark v. Johnson, 423 U.S. 893, 96 S.Ct. 191, 46 L.Ed.2d 125 (1975). There, the Tenth Circuit Court of Appeals reversed the district court's order approving the Chapter XII trustee's final account and refusing to surcharge him for losses occasioned by his alleged negligent failure to properly supervise his bookkeeper, which led to her embezzling funds from the estate. The court held that the case was controlled by Mosser v. Darrow, 341 U.S. 267, 71 S.Ct. 680, 95 L.Ed.

927 (1951), where the trustee was found personally liable for unlawful profits made by one of his employees from trading in certain estate securities. The Supreme Court there held that a trustee may be held personally liable not only for fraud or intentional wrongdoing but also for non-willful failure to perform duties required by law.

12. **28 U.S.C. § 959(a):** Trustees, receivers or managers of any property, including debtors in possession, may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property. Such actions shall be subject to the general equity power of such court so far as the same may be necessary to the ends of justice, but this shall not deprive a litigant of his right to trial by jury.

13. The federal courts have not definitively determined the *amount* of proof needed to establish the crime/fraud exception. *See Gutter*, 124 F. Supp. 2d at 1306.

## FURTHERMORE:

14. Carey v. Piphus, 435 U.S. 247, 259 (1978). "[P]rocedural due process rules are shaped by the risk of error inherent in the truth-finding process as applied to the generality of cases." Mathews v. Eldridge, 424 U.S. 319, 344 (1976).

15. Requirement of Due Process: Fourteenth Amendment. Marchant v. Pennsylvania R.R., 153 U.S. 380, 386 (1894).

16. Per US Supreme Court Pro-Se standard: ***Pro Se*** litigant's court submissions are to be liberally construed and held to less stringent standards than those submitted by lawyers. If the court can reasonably read the submissions, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with rule requirements.

    a. See ***Boag v. MacDougall,*** 454 U.S. 364, 102 S. Ct. 700, 70 L.Ed.2d 551 (1982);

    b. *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)

    c. *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957);

    d. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972);

    e. *McDowell v. Delaware State Police,* 88 F.3d 188, 189 (3rd Cir. 1996);

    f. *United States v. Day*, 969 F.2d 39, 42 (3rd Cir. 1992) holding *pro se* petition cannot be held to same standard as pleadings drafted by attorneys;

    g. *Then v. I.N.S.*, 58 F. Supp. 2d 422, 429 (D.N.J. 1999.

17. The courts provide *pro se* parties wide latitude when construing their pleadings and papers. When interpreting *pro se* papers, the Court should use common sense to determine what relief the party desires.

    a. *S.E.C. v. Elliott,* 953 F.2d 1560, 1582 (11th Cir. 1992). Also see,

    b. *United States v. Miller,* 197 F.3d 644, 648 (3rd Cir. 1999) "Court has a special obligation to construe *pro se* litigant's pleadings liberally"

    c. *Polling v. Hovnanian Enterprises,* 99 F. Supp. 2d 502, 506-07 (D.N.J. 2000).

**WHEREFORE** James W. Kelley dba Mortgage-Investigator.com**,** the Creditor of Claim 4 respectfully requests the Court

1. GRANT the Motion for late filed Proof of Claim Timely.

2. Deny Trustee Kiel Objection to Claim 4.

3. ORDER the release of Public Court recording in case 16-17141-JGR June 20, 2018.

4. ORDER the release of Public Court recording in case 16-17141-JGR August 14, 2018

5. ORDER the release of Public Court recording in case 16-17141-JGR August 29, 2018

6. ORDER Proof of Claim 4 remain on the pubic Pacer case docket and POC Register for the benefit of Law Enforcement, Compliance Agencies, Pacer Mgt Team, Judicial / Courts and elected

7. officials as allowed per state(s) and federal laws of the United States.

8. Set this Motion / Objection for evidentiary hearing.

9. and for such other and further relief that the Court deems just and proper.

### DECLARATION IN SUPPORT OF <u>COMBINED VERIFIED MOTION TO DEEM LATE FILED PROOF OF CLAIM TIMELY AND OBJECTION TO TRUSTEE CLAIM 4 OBJECTION</u>

I, James Kelley, am a resident and registered voter of New York County, State of New York and do hereby certify, swear or affirm under the penalty of perjury that I am competent to give the following Declaration based on my personal knowledge, and that the following statement is true and correct to the best of my knowledge:

My signature on this petition was affixed in my presence and is the true signature of the individual who signed the petition. Further the affiant saith naught.

James W. Kelley. *[signature]* September 9, 2019
_____  _____
(Print Name) (Sign Name) (Date)

Dated: September 9, 2019

*[signature]*

By: James W. Kelley III, Creditor, pro-se,
99 Wall Street
Suite 1576
New York, NY 10005
Email: 1stCap@msn.com
917-250-1576

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO.**

| | |
|---|---|
| In re: ) | |
| ) | Case No. 18-18627-JGR |
| Dennis K. Obduskey, ) | |
| ) | Chapter 13 |
| Debtor ) | |

**CERTIFICATE OF SERVICE**

**I, James W. Kelley certify that I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age and that on this 9th September 2019, I served a copy of the foregoing COMBINED VERIFIED MOTION TO DEEM LATE FILED PROOF OF CLAIM TIMELY AND OBJECTION TO TRUSTEE CLAIM 4 OBJECTION** on the following via EMAIL, CM/ECF and/or U.S. Mail, first class postage pre-paid, addressed as follows:

| | |
|---|---|
| Trustee Douglas Kiel<br><br>7100 E Belleview Ave  Ste. 300<br><br>Greenwood Village, CO 80111 | US Trustee<br>USTPRegion19.DV.ECF@usdoj.gov |
| Attorney Stephen Swift<br><br>stephen.swift@swiftlaw.net | |
| | |

I certify under penalty of perjury that the foregoing is true and correct.

*James W. Kelley*

By: James W. Kelley III, Creditor, pro-se,
99 Wall Street
Suite 1576
New York, NY 10005
Email: 1stCap@msn.com
917-250-1576

3

United States Bankruptcy Court - District of Colorado
Online Filing Tool Submission

Submitted: 9/9/2019 10:29:00 PM

User Information

James Ware Kelley
99 Wall Street, Suite 1576
New York
NY
10005

1stcap@msn.com
917-250-1576