## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | Case No. 18-18627-JGR |
| Dennis K. Obduskey, ) | |
| ) | Chapter 13 |
| Debtor ) | |

### CREDITOR KELLEY WITNESS AND EVIDENCE LIST.

NOW COMES Creditor James W. Kelley dba Mortgage-Investigator.com, Pro Se and responds to the Trustee Douglas Kiel Objection to Claim 4.

1. Pursuant to: L.B.R. 9070-1. Witnesses and Exhibits

    (a) Witnesses and Exhibits.

    (b) Default Deadline to File Lists of Witnesses and Exhibits.

### WITNESSS LIST

2. Trustee Douglas Keil

3. Debtor Dennis Obduskey

### EVIDENCE

4. Proof of Claim #4 Preliminary Report.

Therefore, Creditor James W. Kelley dba Mortgage-Investigator.com respectfully shows the Court the following:

5. Carey v. Piphus, 435 U.S. 247, 259 (1978). "[P]rocedural due process rules are shaped by the risk of error inherent in the truth-finding process as applied to the generality of cases." Mathews v. Eldridge, 424 U.S. 319, 344 (1976).

6. Requirement of Due Process: Fourteenth Amendment. Marchant v. Pennsylvania R.R., 153 U.S. 380, 386 (1894).

7. Per US Supreme Court Pro-Se standard: ***Pro Se*** litigant's court submissions are to be liberally construed and held to less stringent standards than those submitted by lawyers. If the court can reasonably read the submissions, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with rule requirements.

    a. See ***Boag v. MacDougall,*** 454 U.S. 364, 102 S. Ct. 700, 70 L.Ed.2d 551 (1982);

    b. ***Estelle v. Gamble,*** 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)

    c. ***Conley v. Gibson,*** 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957);

    d. ***Haines v. Kerner***, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972);

    e. ***McDowell v. Delaware State Police,*** 88 F.3d 188, 189 (3rd Cir. 1996);

    f. ***United States v. Day***, 969 F.2d 39, 42 (3rd Cir. 1992) holding ***pro se*** petition cannot be held to same standard as pleadings drafted by attorneys;

    g. ***Then v. I.N.S.***, 58 F. Supp. 2d 422, 429 (D.N.J. 1999.

8. The courts provide ***pro se*** parties wide latitude when construing their pleadings and papers. When interpreting ***pro se*** papers, the Court should use common sense to determine what relief the party desires.

    a. ***S.E.C. v. Elliott,*** 953 F.2d 1560, 1582 (11th Cir. 1992). Also see,

    b. ***United States v. Miller,*** 197 F.3d 644, 648 (3rd Cir. 1999) "Court has a special obligation to construe ***pro se*** litigant's pleadings liberally"

    c. ***Polling v. Hovnanian Enterprises,*** 99 F. Supp. 2d 502, 506-07 (D.N.J. 2000).

**WHEREFORE** James W. Kelley dba Mortgage-Investigator.com**,** the Creditor of Claim 4 respectfully requests the Court

1. GRANT the Motion for late filed Proof of Claim Timely.
2. Deny Trustee Kiel Objection to Claim 4.

3. ORDER the release of Public Court recording in case 16-17141-JGR June 20, 2018.

4. ORDER the release of Public Court recording in case 16-17141-JGR August 14, 2018

5. ORDER the release of Public Court recording in case 16-17141-JGR August 29, 2018

6. ORDER Proof of Claim 4 remain on the pubic Pacer case docket and POC Register for the benefit of Law Enforcement, Compliance Agencies, Pacer Mgt Team, Judicial / Courts and elected

7. officials as allowed per state(s) and federal laws of the United States.

8. Set this Motion / Objection for evidentiary hearing.

9. and for such other and further relief that the Court deems just and proper.

### DECLARATION IN SUPPORT OF <u>COMBINED VERIFIED MOTION TO DEEM LATE FILED PROOF OF CLAIM TIMELY AND OBJECTION TO TRUSTEE CLAIM 4 OBJECTION</u>

I, James Kelley, am a resident and registered voter of New York County, State of New York and do hereby certify, swear or affirm under the penalty of perjury that I am competent to give the following Declaration based on my personal knowledge, and that the following statement is true and correct to the best of my knowledge:

My signature on this petition was affixed in my presence and is the true signature of the individual who signed the petition. Further the affiant saith naught.

James W. Kelley.                    *[signature: James W. Kelley]*                    November 9, 2019
_____ _____
(Print Name) (Sign Name) (Date)

Dated: November 9, 2019

By: <u>James W. Kelley III, Creditor, pro-se,</u>
99 Wall Street
Suite 1576
New York, NY 10005
Email: 1stCap@msn.com
917-250-1576

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO.**

In re: )
 )  Case No. 18-18627-JGR
 Dennis K. Obduskey, )
 )  Chapter 13
Debtor )

**CERTIFICATE OF SERVICE**

**I, James W. Kelley certify that I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age and that on this 9th November 2019, I served a copy of the foregoing CREDITOR KELLEY WITNESS AND EVIDENCE LIST** on the following via EMAIL, CM/ECF and/or U.S. Mail, first class postage pre-paid, addressed as follows:

| | |
|---|---|
| Trustee Douglas Kiel<br><br>7100 E Belleview Ave Ste. 300<br><br>Greenwood Village, CO 80111<br><br>**epayquestions@denver13.com** | US Trustee<br>USTPRegion19.DV.ECF@usdoj.gov |
| Attorney Stephen Swift<br><br>stephen.swift@swiftlaw.net | |
| | |

I certify under penalty of perjury that the foregoing is true and correct.

By: *[signature]* James W. Kelley III, Creditor, pro-se,
99 Wall Street
Suite 1576
New York, NY 10005
Email: 1stCap@msn.com
917-250-1576

3

United States Bankruptcy Court - District of Colorado
Online Filing Tool Submission

Submitted: 11/9/2019 6:10:46 PM


User Information

James Ware Kelley
99 Wall Street, Suite 1576
New York
NY
10005

1stcap@msn.com
917-250-1576